### WILSON v. INTERNATIONAL BANK et al.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

1. PARTNERSHIP—DEATH OF PARTNER—RIGHT OF SURVIVOR TO PROPERTY.

Upon the death of one member of a firm, the surviving partner becomes the legal owner of its assets by virtue of survivorship, and has the exclusive right for a reasonable time to dispose of them in settling the partnership, and has a reasonable time in which to account, and the representatives of the deceased partner have no legal interest in the assets, and no legal right to interfere in their distribution so long as the survivor is closing the partnership and applying the proceeds to the payment of debts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 509–518.]

2. SAME—SETTLEMENT—RIGHT TO ACCOUNTING—RIGHTS OF REPRESENTATIVES OF DECEASED PARTNER.

While the representatives of a deceased partner may sue the surviving partner for a general accounting of the partnership affairs, they may not, before the expiration of the reasonable time that he has in which to liquidate the firm business, compel a third party to account for a specific

sum of partnership money placed in its possession as depositary by the surviving partner and liquidator.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 509-518, 742.]

Appeal from Special Term.

Action by Pluma May Wilson, administratrix of Frank R. Cross, against the International Bank and Arthur S. Cooper. From an order restraining the bank, pendente lite, from delivering to any other than plaintiff moneys, etc., owned by decedent in his lifetime and in its possession, and restraining defendant Cooper from receiving or disposing of them, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William H. Ford, for appellants.
Delos McCurdy, for respondent.

CLARKE, J. The complaint alleges that on October 24, 1907, Frank R. Cross died intestate, and plaintiff was on February 6, 1908, appointed administratrix; that the defendant bank has in its possession certain moneys and stocks or bonds which belonged to said Cross; that the plaintiff is entitled to the possession thereof as administratrix, and has demanded the same; that the said bank has refused to deliver or to account to the plaintiff for the property of the said intestate, which it has received from him or now has in its possession; that plaintiff has been informed by said bank that the defendant Cooper claims to have an interest in said moneys, stocks, and bonds, and had authority to withdraw the same from said bank; that plaintiff has been informed by said Cooper that he claims ownership of all said property; that said defendant has come from Panama to New York recently, and has been in negotiation with said bank, claiming ownership of all the property above described; that there is reasonable ground to believe that said defendant will, if he is not restrained, obtain possession of the property and remove the same from the state and from the jurisdiction of the courts thereof; that plaintiff has known defendant Cooper six years, and was familiar with the business affairs of said intestate and Cooper; that aside from his interest in this property Cooper has no property in this state from which a judgment could be collected, and the removal of said property from said bank and from this state would deprive plaintiff of all remedy and relief. Judgment was demanded restraining the defendant bank from delivering said property, and defendant Cooper from taking, receiving, or in any way interfering with the same, or any part thereof, and directing the bank to deliver said property to the plaintiff, or that said bank account to the plaintiff for all property received by the said bank from plaintiff's intestate.

John T. Wilson in a supporting affidavit avers that he is the husband of the plaintiff, and is her attorney in fact, and that he had inquired at the bank for information as to the moneys and securities deposited by Cross that it held, and demanded the same, and that both demands were refused. He also avers:

"Said officer said that said moneys and securities were placed in the possession of said bank in the intestate's name jointly with another, the defendant Arthur S. Cooper. * * * I have known the defendant Cooper for some years, and know from correspondence in my possession, received by members of the family of the intestate from the intestate, that all the moneys in which the defendant Cooper and said intestate had any interest during his lifetime were invested in stocks and bonds, or on deposit in New York City for that purpose."

In opposition, the cashier of the International Bank averred: That on the 24th of September, 1906, defendant Cooper in person opened a deposit account with the bank in the name of Cooper & Cross, and deposited to the credit of said account certain moneys, and thereafter deposited with the bank certain personal property to the credit of Cooper & Cross. Both Cross and Cooper were authorized, by the terms of the arrangement by which the account was opened, to draw the whole or any part of said account, or of said personal property, and deponent was informed, at the time said account was opened, that said Cooper and Cross were copartners. Thereafter, from time to time, additional funds had been deposited with the bank to the credit of said account. That nearly all the transactions had been with the defendant Cooper, either in person or by correspondence. Cross, so far as deponent knew, visited the office of the defendant bank once in the summer of 1907. No moneys or property were ever received from the said Cross in person or by letter.

The defendant Cooper avers: That he is a citizen of the United States and a resident of the borough of Manhattan, city, county, and state of New York. That he knew Cross intimately for about 14 years. That in the year 1894 deponent and said Cross entered into a copartnership as dental surgeons, and practiced their profession as copartners in various places, including Costa Rica, the Republic of Panama, and the city of New York, until the 24th day of October, 1907, when the said Cross died in the city of Panama. That during all these times deponent and said Cross were copartners in the practice of their profession, and said business was always conducted under the firm name of Cooper & Cross. That frequently one partner would be in one of the places above mentioned and the other partner would be in another place, both practicing their profession, and each would account to the other for profits and expenses in the various places that they were practicing their profession under said firm name. That during all the times above mentioned, and down to and including the 24th day of October, 1907, the principal place for the transaction of the copartnership business was the city of Panama. That he has deposited to the credit of the said firm of Cooper & Cross various sums of money in the International Bank, and that the balance now there amounts to $1,977.68, and has also deposited with said bank for safe-keeping, to the credit of said firm, three bonds of the United States Steel Corporation, each of the par value of $1,000, and which are valued at about 90. That said cash deposit and said bonds are all the copartnership assets in the state of New York, and said funds were exclusively the property of said copartnership, and were not the property of Frank R. Cross, and his personal representatives have no

interest whatever in the same, but that the legal title to the same is vested in deponent as surviving partner of said firm. That on or about the 20th of March, 1905, at the city of Panama, the said Cross and deponent entered into a contract, executed in triplicate, filed one with the United States consul at Panama, one with the banking firm of Erhman & Co. of Panama, and the third is with the papers of said firm of Cooper & Cross at Panama. The said contract is as follows:

"That whereas, the said parties above mentioned are doing a business in the practice of dentistry in the Republic of Panama; and whereas, it is desirous that, in case of the death of either, all the property belonging to the firm shall be the property of the survivor: Now, therefore, it is agreed by and between the said Cooper and Cross that, in consideration of the sum of one dollar to each by the other in hands paid and the further consideration of mutual friendship, the said parties do hereby agree that, in case of the death of either one of the said parties during the continuance of the said copartnership, all the property shall belong to the other, to be owned absolutely by the surviving partner, without any claim against the same on the part of the heirs of the other."

Deponent further averred that as surviving partner the legal title is absolutely vested in him by operation of law for the purpose of liquidation of the affairs of said copartnership, and that the administratrix of said Cross has no claim whatever in the partnership property, except to require him within a reasonable time to account for his proceedings in liquidation, and that by virtue of the agreement with said Cross above set forth he is the owner of the equitable as well as the legal title to all the funds of said copartnership; that said copartnership is solvent; that at the time of the death of said Cross the coplaintiff owed about $500; and that about $1,500 of the copartnership's assets are in the city of Panama. Deponent denies that the only property in New York City in which he claims any interest is the copartnership property in the bank, and that he has come to this city for the purpose of taking possession of said property and removing it from the jurisdiction of the court. He avers that he has not withdrawn any funds, though he has been in the city since December 24, 1907; that he has no intention of taking said funds from the jurisdiction of the court, except so far as may be necessary to liquidate the firm's business in Panama; that he has property within the city of New York of the value of at least $6,000; and that he is ready and willing to make any accounting of the plaintiff's affairs which the court may order.

It thus appears conclusively that plaintiff's intestate never deposited any money or securities with the defendant bank, but that all the deposits were made by the defendant Cooper to the firm account. The order appealed from restrains the bank from delivering, and the defendant Cooper, the surviving partner, from receiving, any part of the said moneys and securities. It was held in Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460, that upon the death of one partner the surviving member of the firm becomes the legal owner of its assets by virtue of survivorship, and has exclusive right to sell, mortgage, and dispose of them in closing up the copartnership, and can do so in the manner he deems best for the interest of those concerned. The representatives of the deceased partner have no legal

interest in such assets, and no legal right to interfere in their administration, so long as the survivor is closing up the estate and applying its proceeds in the payment of firm debts. The survivors do not take such assets as trustees, but, as survivors, hold the legal title, subject to such equitable rights as the representatives have in the due application of the proceeds. They may, therefore, require the application of the assets to the payment of the partnership debts; but the time, manner, and mode of doing so are a part of the administration of the estate, which is under the exclusive control of the survivors. In Secor v. Tradesmen's Nat. Bank, 92 App. Div. 294, 87 N. Y. Supp. 181, this court said:

"It is evident that the legal title to all of the personal property of the firm vested in the surviving partner. He has the sole and exclusive right to liquidate and deal with such property for purposes of liquidation as fully and completely as could the partners themselves. * * * He alone could enforce the collection of choses in action, pay debts, and liquidate the affairs of the firm. Such relation is not that of trustee of the personal representatives of the deceased copartners, although it partakes somewhat of that nature." The surviving partner has "a reasonable time in which to liquidate the affairs of the firm. * * * Undoubtedly an action upon a proper state of facts will lie against the surviving partner at the instance of the representatives of a deceased partner for an accounting, not as to any specific or particular thing, but as to all of his transactions as surviving partner and liquidator. * * * Plaintiff asks that an accounting be had of the specific sum, that it be decreed upon such accounting the sum to which the surviving partner would be entitled, and that it be paid over to the plaintiff. If this should be granted, it would not settle the plaintiff's affairs. There would be no liquidation of the firm's accounts, and the liquidator would not be authorized to receive the fund. * * * Evidently the plaintiff is vested with no such right, and consequently the complaint fails to state a cause of action."

The action at bar is directed against a specific sum. It is not brought against Cooper to procure a general accounting of the partnership affairs. It is not brought against Cooper for an accounting even of this specific fund. It is the bank which is asked to account for the fund which it has in its hands, under the theory that the fund was that of plaintiff's intestate and deposited by him. No accounting whatever is asked of Cooper, and no judgment obtained in this action would settle the affairs of the partnership. It appearing that the fund was deposited as partnership property, and that the account is so held, the surviving partner has the legal title thereto, and has a reasonable time in which to liquidate the firm affairs and to account. I find no warrant for this injunction order. The facts do not support the allegations of the complaint. Plaintiff's right in his representative capacity to call Cooper to account is not being exercised. The survivor's right to the firm assets has not been lost, so as to justify the order appealed from, which should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.