(134 App. Div. 440.)

REINHARDT v. REINHARDT et al.

(Supreme Court, Appellate Division, First Department.   November 12, 1909.)

1. PARTNERSHIP (§ 249*)—RIGHT OF SURVIVING PARTNER—RIGHT OF REPRESENTATIVE OF DECEASED PARTNER.

The surviving partner is the legal owner of the firm assets, and the only right of the representative of the deceased partner is to have the firm affairs liquidated within a reasonable time and to compel the surviving partner to account therefor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 533–535; Dec. Dig. § 249.*]

2. PARTNERSHIP (§ 249*)—RENEWAL LEASE IN NAME OF PARTNER—EFFECT.

Equity does not permit a partner to obtain for himself, secretly and without the copartner's consent, a renewal of the firm's lease of premises; and where a partner obtains a renewal lease, and dies, the equitable right thereto is in the surviving partner.

[Ed. Note.—For other cases, see Partnership,. Cent. Dig. §§ 529–535; Dec. Dig. § 249.*]

3. PARTNERSHIP (§ 249*)—ACCOUNTING—RECEIVER.

Where it is not shown that the surviving partner, suing the representative of the deceased partner for a renewal lease of premises of the firm, secretly obtained by the deceased partner, is irresponsible, the court may not appoint a receiver of the rents of the premises under the renewal lease, on the motion of his representative, asserting a claim to the right of possession and rents under such lease.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 529–535; Dec. Dig. § 249.*]

Appeal from Special Term, New York County.

Action by Adam Reinhardt, as sole surviving and liquidating partner of the copartnership of Reinhardt Bros., against Carrie Reinhardt, individually and as executrix, and another. From an order appointing a receiver pending the action, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

S. Clinton Crane, for appellant.

George V. Grainger, for respondents.

LAUGHLIN, J.   The action is brought by the surviving partner of the firm of Reinhardt Bros., to have it adjudged that leases in renewal of leases held by the firm taken by the deceased partner of premises Nos. 643 and 645 East Fifth Street, borough of Manhattan, New York, are held by the executrix of the deceased partner in trust for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Dig's. 1907 to date, & Rep'r Indexes

firm, and that she be enjoined and restrained from transferring them, and compelled to assign them to the plaintiff as surviving partner. The leases were executed to the deceased partner by the New York Life Insurance & Trust Company, as trustee of the estate of Mary Griffin, deceased, and they have been recorded, and contain clauses prohibiting the assignment thereof without the consent of the landlord. The plaintiff alleges that the firm occupied for copartnership purposes the premises No. 643 East Fifth street, and that the leases were obtained by the deceased partner secretly, and were taken in his name individually, without the knowledge or consent of his copartner, for the purpose of depriving the firm of the opportunity and right to apply for or obtain a renewal thereof, and with intent to derive a personal advantage over his partner, and to obtain for himself the good will of the firm. It is further alleged that the defendant Carrie Reinhardt is the sole beneficiary, legatee, and devisee of the deceased partner, and either individually or as executrix of the deceased partner threatens to transfer the leases, and to remove the plaintiff and the assets of the copartnership from the premises at the expiration of the old firm lease, and to collect rentals from other tenants of the premises. The defendant Reinhardt admits that she claims the leases as part of the estate of the deceased copartner. After the joinder of issue, she applied to the court for the appointment of a receiver of the rents, issues, and profits of the premises No. 643 East Fifth street; on which the old copartnership lease expired and the lease to the deceased partner had commenced to run. The motion was granted.

The only basis for the receivership was the pleadings and an affidavit of the defendant Reinhardt, in which she asserts a claim to the right of possession and rent of the premises under the lease to the deceased partner individually, and states that she is unwilling that the plaintiff should continue in the enjoyment of the premises without paying rent to her therefor, and that, although the plaintiff is supposed to be engaged in liquidating the affairs of the copartnership, he is in fact carrying on another business on the premises in the old firm name, and should pay rent therefor to her. The plaintiff, as surviving partner, is the legal owner of the assets of the firm, and the only right of the representative of the deceased partner is to have the copartnership affairs liquidated within a reasonable time and to compel the surviving partner to account therefor. Wilson v. International Bank, 125 App. Div. 568, 109 N. Y. Supp. 1027; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554. The legal title to the renewal leases is in the defendant Reinhardt as executrix of the deceased partner; but the equitable right thereto, on the facts here disclosed, is presumptively in the surviving partner, for equity does not permit one partner to, secretly and without the consent of his copartner, obtain a renewal lease of premises on which copartnership holds a lease. Mitchell v. Reed, 61 N. Y. 123, 19 Am. Rep. 252; Sweet v. Taylor, 36 Hun, 256; Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460; In re Thieriot, 117 App. Div. 686, 102 N. Y. Supp. 952; 18 A. & E. Enc. Law (2d Ed.) 696. There is no evidence that the surviving partner is irresponsible. We are of opinion

that the defendant was not entitled to the appointment of a receiver.

The order, therefore, should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.