## PARRY v. PARRY et al.

(Supreme Court, Special Term, Oneida County. December 2, 1915.)

1. PLEADING ⊛⟿8—COMPLAINT—STATEMENT OF CONCLUSION—PARTNERSHIP.

An allegation of a complaint that plaintiff, one defendant, and a person now deceased entered into a copartnership, and "that among other terms of said copartnership" plaintiff and such defendant "should each have a one-quarter interest in said firm," and the deceased "should have a one-half interest therein," was not objectionable as a statement of a mere conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ⊛⟿8.]

2. FRAUDULENT CONVEYANCES ⊛⟿259—TRUSTS ⊛⟿371—COMPLAINT—SALE OF PARTNERSHIP ASSETS.

An allegation of such complaint that two of the partners had sold all the assets of the copartnership to a corporation without plaintiff's knowledge, and that the stock of such corporation was apportioned between such two partners, and to others named by them, and that none was offered or given to plaintiff, did not state a cause of action against the corporation, in the absence of any allegation of insolvency of plaintiff's partners, or any fact showing that the corporation was guilty of fraud or collusion, or had notice of any wrongdoing of such partners, or that such partners were the incorporators.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 756, 757, 764–766, 769, 770; Dec. Dig. ⊛⟿259; Trusts, Cent. Dig. §§ 588–599; Dec. Dig. ⊛⟿371.]

3. PARTNERSHIP ⊛⟿264—DISSOLUTION—TRANSFER OF PARTNERSHIP ASSETS.

Where plaintiff's two partners, without his knowledge or consent, transferred all the partnership assets to a corporation, this worked an immediate dissolution of the partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 608, 614, 617; Dec. Dig. ⊛⟿264.]

4. PARTNERSHIP ⊛⟿313—UNAUTHORIZED TRANSFER OF ASSETS—REMEDIES OF PARTNER.

Where plaintiff's copartners dissolved the partnership by transferring the partnership assets to a corporation without his consent or knowledge, plaintiff's remedy, if the transfer was fraudulent, was to follow the assets into the transferee's hands, or to sue his copartners for an accounting.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 679, 729, 729½; Dec. Dig. ⊛⟿313.]

5. PARTNERSHIP ⊛⟿322—ACCOUNTING—PARTIES—REPRESENTATIVES OF DECEASED PARTNER.

In an action by one partner for an accounting, it is improper, unless the firm is alleged to be insolvent, to make the personal representatives of a

---

⊛⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deceased copartner parties, though all the firm assets have been sold, and though the plaintiff is a surviving partner, and his interest is antagonistic to that of the deceased partner's estate.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 746–752; Dec. Dig. ☜322.]

Action by Fred B. Parry against H. Barrow Parry, individually and as surviving partner of the firm of W. B. Parry & Sons, and another. On demurrer to amended complaint. Demurrer sustained in part, and overruled in part.

James W. Watts, of Utica, for plaintiff.
Grant & Wager, of Utica (Edmund J. Wager, of Utica, of counsel), for defendants.

ROSS, J. The defendant H. Barrow Parry, individually and also as surviving partner of the firm of W. B. Parry & Sons, and the defendant W. B. Parry & Son, Incorporated, severally and jointly demurred to the amended complaint, upon the ground that there is a defect of parties in not making the personal representatives of William B. Parry parties, and, second, failure to state facts sufficient to constitute a cause of action.

[1] The complaint, after alleging the residence of the parties, alleges as follows:

"That on or about January 15, 1909, plaintiff, defendant H. Barrow Parry, and one William B. Parry, now deceased, entered into a copartnership under the firm name and style of W. B. Parry & Sons, to carry on and conduct a general hardware business at the city of Utica, N. Y.; that among other terms of the said copartnership the said plaintiff and said H. Barrow Parry should each have a one-quarter interest in said firm, and the said William B. Parry should have a one-half interest therein."

It is claimed that the foregoing allegation does not state facts which show the interest of the respective parties; that the statement that the plaintiff and the said H. Barrow Parry should each have a one-quarter interest in said firm, and the said William B. Parry should have a one-half interest therein, is at most a conclusion. I think that the allegation in question, taken as an entirety, can fairly be construed to be a statement of the formation of a partnership in which the plaintiff and H. Barrow Parry had each a quarter interest and William B. Parry had a half interest.

[2] The plaintiff further alleges as follows:

"Third. That the said firm, pursuant to the said copartnership so formed, continued and carried on business until on or about January 1, 1914, when the said H. Barrow Parry and the said William B. Parry did, without the consent or knowledge of plaintiff, assign, transfer, and convey unto a certain corporation about that time to be formed and incorporated, for that purpose, under the name of W. B. Parry & Son, Incorporated, all of the property and assets belonging to the said firm of W. B. Parry & Sons; that the said W. B. Parry & Son, Incorporated, was so incorporated under the laws of the state of New York to carry on and conduct said hardware business, and with a capital of $20,000; that such stock was, as plaintiff is informed and believes, apportioned between the said William B. Parry and H. Barrow Parry, and unto others as desired by the latter two named persons, and none of same was offered to or given to plaintiff."

155 N.Y.S.—68

Then follows an allegation of the subsequent death of William B. Parry, leaving a last will and testament which was admitted to probate, by the provisions of which he bequeathed the stock held by him in the corporation of W. B. Parry & Son, Incorporated, unto the said H. Barrow Parry, personally and as executor. The complaint contains the further allegation of a demand upon H. Barrow Parry for an accounting, and allegations in regard to the value of the assets and good will of the aforesaid incorporation.

As to whether the complaint states a cause of action against W. B. Parry & Son, Incorporated: As I understand, the plaintiff's theory of making the incorporation defendant is that upon the transfer of the property of, the copartnership to the incorporation the latter took the property impressed with a trust in favor of the plaintiff. A state of facts can well be imagined in which such a situation would arise, but I do not understand that it ever is created or arises out of a simple transaction of sale and purchase. Assuming, for the purpose of illustration, that the facts were that William B. Parry and his son, the defendant H. Barrow Parry, for some reason, concluded to change the method of doing business from that of a copartnership to that of a corporation, and that in this change the rights of the plaintiff were not recognized, that the stock of, the incorporation was issued to the father and his said son, and that they were officers in the incorporation and directors, these facts being alleged in the complaint, showing a violation of plaintiff's rights and a knowledge on the part of the defendant incorporation, it would seem that the defendant incorporation would be, under such allegations and facts, a proper party, and might be charged as a trustee for the plaintiff.

But the sole allegations which appear in the complaint upon which such a claim can be based are the formation of the corporation, the sale of the property and assets of the copartnership to said corporation without the knowledge of the plaintiff, and that the stock was apportioned between said William B. Parry and H. Barrow Parry, and unto others as desired by them. It' does not appear that William B. Parry and his son, H. Barrow Parry, were incorporators; it does not appear that they retained the capital stock of said incorporation; it does not appear that they are officers or directors in such incorporation, or that they have remained in control, either by reason of their official position or by any arrangement with said incorporation, or that the assets of the corporation remained in their possession; and neither does it appear that the business of the partnership was conducted in such a way that the plaintiff's connection with it was of such a character as to give notice to the defendant incorporation of the existence of such copartnership or the interest of the plaintiff therein. In other words, so far as appears, an incorporation may have been formed entirely by people other than the aforesaid William B. Parry and his son, H. Barrow Parry, and that they elected officers other than the aforesaid William B. Parry and H. Barrow Parry. The allegations in the complaint are insufficient to show notice to the said corporation of any wrongdoing upon the part of the aforesaid William B. Parry or his son, H. Barrow Parry.

[3, 4] There is no allegation in the complaint of fraud or collusion in the sale or transfer of the firm property to W. B. Parry & Son, Incorporated, or that the price was inadequate. There is no allegation of the insolvency of the former firm of W. B. Parry & Sons, or of the insolvency of H. Barrow Parry or of the estate of William B. Parry, so that the situation presented by the aforesaid allegations is that, after the existence of the copartnership for five years, all of its assets were, without the consent and knowledge of the plaintiff, assigned and transferred by the plaintiff's copartners to the defendant incorporation. This act, as it seems to me, operated as an immediate dissolution of the copartnership then existing (Isaac Marquand et al. v. President, etc., 17 Johns. 525, 535. Mumford v. McKay, 8 Wend. 442, 24 Am. Dec. 34), and at that time the plaintiff had before him two remedies, possibly a third: First, if the transfer was fraudulent, he could follow the assets into the hands of the fraudulent transferees; second, he could bring an action in equity for an accounting against his copartners; and possibly, which is unnecessary to determine at this time, could have brought an action against his copartners at law (Mumford v. McKay, 8 Wend. 442, 444, 24 Am. Dec. 34). But, in the absence of an allegation of fraud and the insolvency of his then partners, I do not see how any cause of action is stated against the defendant incorporation. The demurrer in favor of the defendant corporation is therefore sustained.

[5] The claim of the defendants that the representatives of William B. Parry, deceased, should be made parties, presents interesting questions, and is not free from doubt. Irrespective of the sale of the partnership assets to the defendant corporation, the plaintiff, upon the facts alleged, is entitled to an accounting. Upon an action by one partner for an accounting, it is well settled in this state by a long line of authorities that in the absence of an allegation of the insolvency of the firm it is not proper to make the personal representatives of the deceased copartner parties, and this for the reason ably stated by Mr. Judge Selden in Voorhis v. Childs, 17 N. Y. 354, 358. As has been stated:

"The interest and the sole interest of the personal representative is in the surplus which remains of the firm's assets after the payment and discharge of all of its obligations to creditors. Until that time arrives he has no beneficial interest whatever in the property." Secor Case, 92 App. Div. 299, 87 N. Y. Supp. 181; Barnes v. Brown, 130 N. Y. 372, 386, 29 N. E. 760; Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4; Reinhardt v. Reinhardt, 134 App. Div. 440, 119 N. Y. Supp. 285; Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460.

There are, however, in this case two equitable reasons for making the representatives of the deceased partner parties. The first is the sale of the entire assets of the firm, and the second the fact that the plaintiff is himself a surviving partner, and his interest is antagonistic to that of the estate of the deceased partner; but upon careful consideration, I think that these facts do not present a sufficient reason for making the representatives of the deceased partner parties.

Query: If the representatives of the deceased copartner should, under the circumstances of this case, be made parties, do not the facts

alleged in the complaint bring the case within the rule stated in McGregor v. McGregor, 35 N. Y. 218? Without stating the facts in that case, the following quotation from the opinion of Mr. Judge Wright explains the holding:

"The defendant's position as executor is fully set out and stated in the complaint, to which he has appeared and demurred; and although he stands simply in the attitude of hostility to the estate and its interests, his character as executor is fully before the court, so that the court is placed in a position to take any action which may be necessary and proper in consequence of his relations to the estate. It is true he is not named in the title of the cause in his representative capacity, but he is a party to the suit and has an opportunity to defend. His representative capacity, as well as his individual character, is set forth in the body of the complaint, and every allegation thus made necessary to protect him in his representative character."

In this case it is alleged in the complaint that William B. Parry, the deceased copartner, died—

"leaving a last will and testament, which has been duly probated by the Surrogate's Court of Oneida county, in which last will and testament the said William B. Parry devised and bequeathed the stock held by him in the said corporation of W. B. Parry & Son, Incorporated, unto the said H. Barrow Parry, personally, and as executor."

The demurrer of W. B. Parry & Son, Incorporated, is sustained, with costs in favor of the said defendant and against the plaintiff, but with leave to the plaintiff, within 20 days after service of copy of interlocutory judgment upon his attorney, to withdraw said amended complaint and serve an amended complaint, upon payment of said costs.

The demurrer of the defendant H. Barrow Parry, individually and as surviving partner, is overruled, with costs against the said H. Barrow Parry and in favor of the plaintiff, but with leave to said defendant, within 20 days after service of copy of such interlocutory judgment upon his attorneys, to withdraw said demurrer and answer the complaint, upon payment of said costs.

Order to be entered, and, if not agreed upon, will be settled by me.