46 N.J. Super. 363 (1957)
134 A.2d 781
ROSE SCAGLIONE, PLAINTIFF-RESPONDENT,
v.
ST. PAUL-MERCURY INDEMNITY COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 12, 1957.
Decided September 24, 1957.
*364 Before Judges GOLDMANN, KNIGHT and WAESCHE.
Mr. Harvey G. Stevenson argued the cause for the appellant (Messrs. Stevenson, Willette & McDermitt, attorneys).
Mr. Archibald Kreiger argued the cause for the respondent (Messrs. Bornstein, Kohlreiter & Rubinson, attorneys; Mr. Newton M. Roemer, on the brief).
The opinion of the court was delivered by WAESCHE, J.S.C. (temporarily assigned).
The plaintiff obtained a judgment in the Superior Court, Law Division, against the defendant, a compensation insurance carrier, for the amount of an award assessed against the plaintiff's employer in the Division of Workmen's Compensation. The defendant appealed. It is stipulated and agreed between the parties to this action that the plaintiff's employer is insolvent, and that the defendant was the compensation insurance carrier of the plaintiff's employer at the time the plaintiff *365 was injured. The statute provides that, upon the insolvency of an employer, the employer's insurance carrier shall become directly liable for all compensation payments due to an injured employee by virtue of an award in the Division of Workmen's Compensation. R.S. 34:15-86.
At no time, has the defendant challenged the right of the plaintiff to bring and maintain an action in the Superior Court, Law Division, based on an award made in the Division of Workmen's Compensation. That defense, if available to the defendant, was not raised in the defendant's answer, nor in the pretrial order; and it was not argued in the brief filed in this appeal, nor orally before this court. Therefore, in determining this appeal, we are not adjudicating the right of the plaintiff to bring this suit.
In 1951 Joseph Pable, Benjamin Borowski, and Joseph Deanin entered into a business partnership, and, as such partners, conducted a ladies coat shop at 24 1/2 Van Houten Street, Paterson, N.J., trading as George Coat Company. The partnership, as tenants, occupied the fifth floor of the premises at the above address. They continued the business at said address until June 1953, when they dissolved the partnership. Mr. Pable, one of the partners, testified that the partnership was dissolved on June 1, 1953, because they could not make a go of the business; that the business was so bad they could not pay their bills. He said that they decided to give it up before going into debt. Mr. Borowski, another partner, testified that the partnership gave up the business in June, 1953, because the business was not good, and that they had no money to continue it. Mr. Deanin, the remaining partner, testified that in June 1953, the partners decided to dissolve the partnership and go out of business because they were losing money.
On June 23, 1953 the three partners conveyed to the George Coat Company, Inc., a New Jersey corporation formed May 27 preceding, all the machinery, equipment, goods, chattels, and effects which the partnership owned and used in carrying on its business. At or about the same time the said partners, individually and as partners, assigned to the *366 said corporation the lease for the fifth floor of the premises at 24 1/2 Van Houten Street, where their partnership business had been conducted. The corporation assumed all of the debts of the partnership. It continued the business at the same address.
The partnership had no other assets of any kind, and no other equipment with which to carry on the business. None of the partners owned any stock in the George Coat Company, Inc., nor held any office in said corporation, but they were employees of the corporation.
A partnership may be dissolved at any time by the express will of all the partners, and the partnership will thereafter terminate upon the winding up of the partnership affairs. R.S. 42:1-30, 31; Peardon v. Chapman, 169 F.2d 909 (3d Cir. 1948); 68 C.J.S. Partnership § 334, p. 846; 40 Am. Jur. 292, sec. 235. In Brand v. Erisman, 172 F.2d 28 (D.C. Cir. 1948), the court said that a partnership is dissolved by an act of all the partners intended to dissolve it, and that the sale of all the property of the partnership was such an act. See, also, Thompson v. Bowman, 6 Wall. 316, 18 L.Ed. 736 (1867). In Schneider v. Schneider, 347 Mo. 102, 146 S.W.2d 584 (Sup. Ct. 1940), the court said, "Where all of the assets of a partnership are lawfully transferred to a corporation created by the partners, the partnership becomes functus officio and ceases to exist." See, also, Parry v. Parry, 92 Misc. 490, 155 N.Y.S. 1072 (Sup. Ct. 1915); 68 C.J.S. Partnership § 344, p. 851; and 40 Am. Jur. 299, sec. 243.
Sidney Kosloy was an agent of the partnership until its dissolution in June 1953. He was not in the employ of the partnership after June 1953. He performed no services for the partnership, and was not its agent after that date. Kosloy became the secretary and treasurer of the corporation upon its organization in May of 1953, and took active part in the management of the business conducted by the corporation.
On December 31, 1953 the plaintiff filed with the Division of Workmen's Compensation a petition for compensation in *367 which she named, as respondent, George Coat Co. She alleged, in the petition, that on April 10, 1953, she was accidentally injured while in the employ of George Coat Co., whose address was 24 1/2 Van Houten Street, Paterson, N.J. On January 22, 1954 Sidney Kosloy was served with a copy of the said petition as the secretary of George Coat Co. On September 9, 1954, the plaintiff filed with the Division of Workmen's Compensation an amended petition for compensation in which she named, as respondents, Joseph Pable, Benjamin Borowski and Joseph Deanin, trading as George Coat Co. In all other respects, the amended petition was the same as the original petition. On October 14, 1954 a copy of said amended petition was served on Sidney Kosloy as manager of the respondents named in the amended petition. The compensation award to Mrs. Scaglione was made April 22, 1955, no one appearing for the respondents.
R.S. 34:15-52 provides that a copy of a compensation petition shall be served upon the employer by a process server of the Division of Workmen's Compensation in the manner provided by law for the service of summons. R.R. 4:4-4(e) provides that a summons may be served on a partnership by serving a managing or general agent of the partnership. The plaintiff contends that on January 22, 1954, and also on October 14, 1954, Sidney Kosloy still continued to function as the managing agent of the partnership. She further contends that the partnership was not terminated prior to either of those dates because the partnership had not wound up its affairs: it owed the Government money, and there was this claim of the plaintiff's against the partnership for an accidental injury of which the partnership had knowledge.
We think that the evidence conclusively shows that the partnership was dissolved in June 1953 by agreement of the partners, and that the partnership business was wound up several months prior to January 22, 1954. We have also concluded that Sidney Kosloy was not a managing or general agent of the partnership after June 1953, because the partnership was dissolved and the partnership business *368 was terminated in June 1953. He had nothing to do with the partnership after that date.
R.S. 34:15-51 requires a claimant for workmen's compensation, whose claim has not been settled, to file with the secretary of the Division of Workmen's Compensation a petition, in duplicate, within two years after the date on which the accident occurred. R.S. 34:15-52 requires the secretary of the Division of Workmen's Compensation to cause a copy of the claimant's petition to be served upon the employer. It has been determined in New Jersey that the filing of the petition within the time prescribed by R.S. 34:15-51 is necessary in order to give the Division of Workmen's Compensation jurisdiction to hear the petition. Valentine v. Walter Kidde & Co., 136 N.J.L. 292 (Sup. Ct. 1947); Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243 (1954). In La Duke v. Consumers Power Co., 299 Mich. 625, 1 N.W.2d 16, 19 (Sup. Ct. 1941), the court said that:
"It is mandatory that a claim for compensation must be made upon the employer. A claim filed with the department of labor and industry and not served upon the employer does not satisfy the requirements of the statute."
See, also, Skeels v. Paul Smith's Hotel Co., 195 App. Div. 39, 185 N.Y.S. 665 (App. Div. 1921).
The Division of Workmen's Compensation is an administrative agency, created by statute to exercise a delegated legislative power. Where there is reasonable doubt of the existence of the power to act, it is denied. Nagy v. Ford Motor Co., 6 N.J. 341 (1951). Therefore, unless a copy of plaintiff's petition was served on the respondents, or on one of them, as required by R.S. 34:15-52, the Division of Workmen's Compensation had no jurisdiction to hear the petition.
In Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944), the court said that
"The general rule in regard to the service of process, established by centuries of precedent, is that process must be served personally, *369 within the jurisdiction of the court, upon the person to be affected thereby. Substituted or constructive service, when provided by statute, is in derogation of the general rule, and so the statutory directions must be strictly construed and fully carried out to confer jurisdiction."
See, also, Maglo v. Weaver, 11 N.J. Super. 32 (1950).
We do not think that the service of the petition made on Sidney Kosloy on January 22, 1954, or that the service of the amended petition made on him on October 14, 1954, complied with the requirements of the statute, because he was not on either of those dates an agent of the partnership. Since none of the respondents waived due and legal service of the petition, the Division of Workmen's Compensation was without jurisdiction to hear the petition and to make an award thereon.
For the above reasons, the judgment here under review must be reversed.