ROSE SCAGLIONE, PLAINTIFF-APPELLANT, v. ST. PAUL-
MERCURY INDEMNITY COMPANY, A CORPORATION
AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DE-
FENDANT-RESPONDENT.

Argued February 4, 1958.—Decided March 3, 1958.

*Mr. Archibald Kreiger* argued the cause for the plaintiff-appellant (*Messrs. Bornstein, Kohlreiter & Rubinson,* attorneys; *Mr. Newton M. Roemer,* on the brief).

*Mr. Harvey G. Stevenson* argued the cause for the defendant-respondent (*Messrs. Stevenson and Willette,* attorneys).

PER CURIAM. On December 31, 1953 plaintiff Rose Scaglione filed a petition seeking workmen's compensation for injuries suffered by her on April 10, 1953 while in the employ of the George Coat Company. Subsequently, on September 9, 1954, the petition was amended to designate the respondent-employer as Joseph Pable, Benjamin Borowski and Joseph Deanin, t/a George Coat Company. Service of the amended petition was made upon Sidney Kosloy who, it is claimed, was then the managing agent of the partnership for the purpose of service of process within the purview of *R. R.* 4:4–4(e). No answer was interposed or defense made and after a hearing on April 22, 1955, default judgment in the total amount of $7,906.60 was entered.

Thereafter, this suit was brought in the Law Division of the Superior Court, alleging that at the time of the accident out of which the judgment arose, the partnership was covered by an outstanding workmen's compensation insurance policy issued by the defendant St. Paul-Mercury Indemnity Company. The company admitted the issuance of such a binder and that it was in force until May 17, 1953, when cancellation took place because of non-payment of premiums. The defense asserted was that the Workmen's Compensation Division had no jurisdiction to enter the judgment because neither the partnership nor the individual partners were ever served with process. With respect to the service made on Kosloy, defendant contended that the partnership had been dissolved prior to that time and so he could not be considered as the employer's agent for the purpose. The trial court, sitting without a jury, found for the plaintiff. The Appellate Division reversed, holding that the partnership

was dissolved in June 1953, that Kosloy then ceased to function as its managing agent, and that therefore service of process on him was ineffective against the partnership. 46 *N. J. Super.* 363 (*App. Div.* 1957). We granted certification, 25 *N. J.* 316 (1957) in order to study the matter fully.

The record reveals an unsual situation with respect to the insurance coverage at the time of the injury. The partnership held a workmen's compensation policy which expired oñ April 1, 1953. However, the carrier claims that unknown to it a local agent then issued a binder continuing further protection. In May 1954, when the first petition for compensation came on for hearing, notice thereof was given to the carrier's Newark office. But the claim department advised the Deputy Director that the company "went off" the risk on April 1, 1953, nine days before the alleged accident, and that accordingly it had no interest in the case. But after judgment was entered, the partners were indicted for failure to carry workmen's compensation insurance. Subsequent investigation brought to light that the binder had been issued and was in force on April 10, 1953.

At the oral argument the insurer conceded unqualifiedly that plaintiff's accident, if compensable, was within the scope of its binder. However, the insistence is that the refusal to appear in the Division to contest Mrs. Scaglione's workmen's compensation, was the result of an honest belief that the policy had expired on April 1, 1953. Defendant also asserts that no deception was involved and that no effort was made to avoid the recognition of a just obligation. On the contrary it claims that the discovery of the coverage occurred after the compensation judgment had been entered, that thereafter unsuccessful attempts were made to persuade the plaintiff to reopen the action in the Division to permit a contest on the merits, and that the refusal to do so made it necessary to proceed with the attack on the jurisdiction of the Division.

In answer to our inquiry, we were advised that the carrier would be willing to abandon its attack on the validity

of the service of process and to enter unqualifiedly into a defense of the compensation petition if the judgment were reopened and an opportunity afforded to defend the action on the merits. *Cf. Minter v. Bendix Aviation Corp.*, 24 *N. J.* 128 (1957).

As has been indicated, certification was granted after the reversal of plaintiff's judgment on the policy in order to see that justice was done between the parties. And enough was said by counsel on both sides to lead us to the conclusion that the compensation judgment should be reopened and the matter fully tried on the merits, if the insurer acted in good faith and without deception and in an honest belief of the truth of the assertion to the Deputy Director that the partnership was no longer an assured at the time of the injury.

The record before us is not adequate to permit such a determination in this court and in any event such a re-opening could not be ordered in this proceeding.

Consequently, we shall hold the appeal without decision in order to give the defendant an opportunity to apply promptly to the Division to reopen the judgment and permit a plenary trial of that case. On such application, the only issue to be decided is that noted above, *i. e.*, the good faith of the defendant in denying the existence of insurance coverage. And the parties should submit their proofs on that subject to the Division. If the Deputy Director decides that issue in favor of the insurer, the judgment shall be reopened and the claim for compensation shall be fully tried, unless he concludes also that by reason of passage of time the plaintiff has been prejudiced so substantially because of loss of witnesses, records and the like, as to be unable to present her claim for compensation on the merits.

A further condition of the motion to reopen should be noted. If reopening is granted, the insurer concedes that reasonable counsel fees and expenses should be awarded to plaintiff for all work done in the present action. Accordingly, if the motion receives favorable action in the Division, the order of reopening shall recite as a condition thereof

the payment forthwith of such fees and expenses as in the Deputy Director's judgment represent fair and reasonable compensation.

The disposition of the motion shall be reported to this court and the pending appeal will be concluded in a manner consistent with that result.

*For holding*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*Opposed*—None.