Complainant moves to strike the answer in lieu of plea.
Complainant, the trustee in bankruptcy of the estate of James M. Christian, by his bill shows that on certain stated days between March, 1930, and the filing of the bankruptcy petition, the bankrupt gave $28,500 in money and promissory notes, made by a third party, to his wife, the defendant Frances P. Christian; that these transfers were made with intent to defraud his creditors, were voluntary, without the support of an adequate consideration, and were made while Christian was insolvent. The bill further charges that on May 6th, 1929, that is, before the first transfer, the bankrupt became liable to the Bank of United States on a written guarantee; that on October 26th, 1932, the bank recovered judgment against him on said guarantee and the following year issued execution which was returned unsatisfied. The bill prays that Mrs. Christian account for the moneys and notes so received by her from her husband.
The answer in lieu of plea alleges that in the bankruptcy proceedings, the Bank of United States filed objections to the discharge of the bankrupt, and thereupon the identical issues were raised that are raised in the present action and were determined in favor of the bankrupt; that the complainant herein was a party to said proceeding.
A discharge from bankruptcy is a judgment in rem and is resjudicata as to all the world, only in respect of the status of the bankrupt and is not conclusive as to findings of fact, except as between parties to the proceeding or privies thereto. But as between such parties and privies, the judgment is an estoppel in respect to the relevant facts determined in the controversy exactly as if the proceeding in opposition to the discharge were an ordinary civil suit inter partes. Myers v. InternationalTrust Co., 263 U.S. 64. This is in accordance *Page 508 
with the general rule that the determination of an issue of fact in an action in rem is conclusive upon parties who actually take part in the contest. Weger v. Providence Insurance Co.,150 U.S. 99; 14 S.C. 55; Manson v. Williams, 213 U.S. 453;29 S.C. 519; In re M'Crum, 214 Fed. Rep. 207; 130 C.C.A. 565.
Though the plea sets forth that the Bank of United States filed the objections to the discharge, it also states that the trustee was a party to the discharge proceeding. This allegation is sufficient to save the plea.
Complainant says that the issues were not really the same in that proceeding as in the present suit. Whether that be so or not, I cannot determine until there is a hearing on the plea. On the motion to strike, the plea is accepted as true.
For a further answer in lieu of plea, the defendants say that more than six years elapsed before the commencement of this action since the transfers set forth in the bill, with the exception of the payments made after January 30th, 1932. Defendants rely on our statute of limitations. Rev. Stat.2:24-1. Complainant, however, argues that the case is governed by the Bankruptcy act, section 11 (d), and that the action may be maintained by the trustee at any time within two years after the estate is closed.
Among suits prosecuted by a trustee, a distinction has been made between those founded strictly upon the Bankruptcy act and those based upon rights existing under a state statute. The present suit is of the latter class. The trustee is authorized to act by section 70(e) of the Bankruptcy statute, which enables him to avoid a transfer by the bankrupt which a creditor might have avoided. If suit by the creditor were barred when the bill was filed, the trustee is likewise too late. "This right is conferred upon the trustee to put him in a position to assert the right which the creditor might have possessed in suing to set aside a transfer. The trustee is really subrogated. No new rights, no additional remedies, are created for the benefit of the creditor, other than such as the creditor would have had, had it not been for the bankruptcy. * * * Having sued under section 70(e), the suit *Page 509 
is based on the state law and therefore the controlling point is whether McGinn (the defrauded creditor) could have maintained the action, under the law of the state. Davis v. Willey (C.C.A.9th), 273 Fed. Rep. 397.
The United States supreme court in Harrigan v. Bergdoll,270 U.S. 560, in a trustee's action against a stockholder on account of unpaid stock subscriptions, held that the state statute of limitations applied. "The bankruptcy law does not modify this right of action against the stockholder or create a new one. It merely provides that the right created by the state law shall pass to the trustee, and be enforced by him for the benefit of creditors."
In Isaacs v. Neece (C.C.A. 5th), 75 Fed. Rep. 2d583, the distinction above mentioned is disapproved and it is said that section 11(d) of the Bankruptcy act and not the state statute of limitations, fixes the period within which the trustee may sue on all causes of action, not barred when the bankruptcy proceeding was initiated. But the force of this decision is weakened since the court found that the action was not barred even if the state statute controlled. On the authority of the first two cases cited, the New Jersey act governs. What is the effect of that statute?
Where there is both a legal and an equitable remedy for the same wrong, if the legal remedy is barred by lapse of time, the equitable remedy is also barred. Vice-Chancellor Van Fleet inSmith's Administrator v. Wood, 42 N.J. Eq. 563, following that rule, held that a suit to set aside a fraudulent conveyance could not be maintained more than six years after the legal cause of action accrued. "There is no claim that the fraud was concealed or that its existence has recently been discovered. The bill does not aver that the person whom the complainant represents in this action, did not have full knowledge that a fraud had been committed against him immediately after it was committed. * * * The complainant's testator would have had a right * * * to have brought an action at law at any time within six years after the chattels in controversy were sold under the mortgage to test Mrs. Wood's title to them." *Page 510 
Christian was obligated under his guarantee to indemnify the bank against loss on account of any overdraft or promissory note of Potter Christian Realty Corporation and to pay immediately any sum which might become due from said borrower upon its failure to pay the same. The obligation of the bankrupt did not mature until the principal debtor's failure to pay. The Uniform Fraudulent Conveyance law (Rev. Stat. 25:2-16) defines the rights of a creditor whose claim has not matured. He may proceed in chancery for an injunction restraining disposal of the property or for appointment of a receiver to take charge of it, until his claim shall mature and be established according to law or be made a lien upon the property. His only remedy is purely equitable — to preserve the property; until his claim matures, the creditor has no legal remedy, and the statute of limitations does not run against him.
The bill shows that the debt of the realty corporation was finally evidenced by two renewal notes, one dated September 23d 1930, and the other October 23d 1930, and each payable three months after date. From this, I take it that on January 23d 1931, and more than six years before the commencement of this suit, the whole debt fell due, the borrower failed to pay, and Christian was immediately liable. Thereupon, and when the fraudulent conveyance was made, the six-year period began to run.
The plea should, but does not, set forth that more than six years had elapsed since defendant's obligation to the bank matured. An amendment to this effect will be allowed, and so amended the plea will stand against the motion to strike.
The third and last plea is obviously bad and will be struck. *Page 511