CHARLES MELLOAN

*v.*

SOUTHERN FIRE AND CASUALTY COMPANY et al.

(*Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

E. A. LANGFORD and ELMER DEAN LANGFORD, Cookeville, for appellant.

C. ARNOLD CAMERON, T. EUGENE JARED and MADDUX & CAMERON, Cookeville, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

On September 19, 1952, Charles Melloan obtained a judgment against John H. and C. B. Webb for damages resulting from an automobile traffic accident. Execution thereon was returned nulla bona on May 14, 1959. On June 26, 1959 Melloan, the judgment creditor, brought this Chancery suit against Southern Fire and Casualty Company. This was more than six (6) years after the rendition of the aforesaid judgment.

The bill alleged that the Webbs were carrying ''liability insurance'' on their trucking operations with this Insurance Company at the time of this traffic accident, and that the policy had been issued in response to the application of the Webbs upon their statement that they desired ''liability insurance coverage on their said truck''. Based upon that allegation they seek recovery from this insurer of the Webbs.

Melloan has appealed from a decree of the Chancellor sustaining the following ground of the demurrer interposed by the Insurance Company:

''1st. Because the bill shows upon its face to be a suit for the enforcement of a contract, and that the cause of action thereon accrued more than six years before the bill in this cause was filed.''

The only question for decision is whether this suit was barred six (6) years after the rendition of the judgment in accordance with the provisions of sec. 28-309 T.C.A., as insisted by the Insurance Company, or is not barred until ten (10) years after the rendition of the judgment, in accordance with sec. 28-310 T.C.A., as insisted by Melloan.

Section 28-309 T.C.A., in so far as applicable here, provides that "actions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued". The Insurance Company insists that an action against it on the insurance policy it issued to the Webbs is an action on the contract; hence, that the suit is barred by this six (6) year statute.

Section 28-310 T.C.A., in so far as applicable here, provides that "actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten (10) years after the cause of action accrued." The contention of appellant, Melloan, who is Webbs' judgment creditor, is that "the statute of limitations on a judgment will be the same for the defendant insurance company as it is for the original defendants, John H. Webb and C. B. Webb, since the purpose of liability insurance is to see that such judgments are paid"; but that if the Court does not agree with that insistence then Melloan insists that in as much as "there is no express provision in the statute providing the time within which complainant in this kind of case could bring suit against the defendant—therefore, that the provision 'and all other cases not expressly

provided for, shall be commenced within ten (10) years after the cause of action accrued.' ''

■■■ Melloan, as between himself and the Insurance Company issuing this policy, is the third person. ''It is held by the overwhelming weight of authority that the rights of a third person can rise no higher than, and are dependent upon, the rights of the insured''. *Horton v. Employers' Liability Assur. Corp.,* 179 Tenn. 220, 225, 164 S.W.2d 1016, 1018. So, at the time this suit was started, the rights of Melloan were dependent upon the rights which the Webbs had against the Insurance Company by reason of the issuance of the aforesaid liability insurance policy. Melloan ''can assert only such rights as the assured could assert. * * * stands in the shoes of the insured as regards defenses of this character, * * *.'' *Horton v. Employers' Liability Assur. Corp.,* 25 Tenn.App. 593, 597, 164 S.W.2d 1011, 1014.

''The contract of insurance is purely a personal contract between the insured and the insurance company''. *Commercial Cas. Ins. Co. v. Columbia Cas. Co.,* 22 Tenn. App. 656, 660, 125 S.W.2d 493, 496, citing cases. And, with certain exceptions not here applicable, ''as a general rule statutes of limitation applicable to contracts govern actions on insurance policies * * *.'' 53 C.J.S. Limitations of Actions sec. 44, p. 997.

Since this is an action on an insurance policy, it is an action by the third party on a contract. Therefore, the statute of limitations which bars actions on contracts is the applicable statute, to-wit, the six (6) year statute carried at sec. 28 309 T.C.A. In harmony with this conclusion, there is quoted in appellee's brief from Blash-

field's Cyclopedia of Automobile Law, Sec. 4112.65, page 212, this:

> "An action by the insured to recover from the insurer the amount of a judgment rendered against the insured for injuries caused by his automobile is governed by the period of limitations established for actions on contracts."

Judgment affirmed with costs assessed against the appellant.