105 N.J. Super. 302 (1969)
252 A.2d 49
JOHN J. BREEN, PLAINTIFF,
v.
NEW JERSEY MANUFACTURERS INDEMNITY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Argued March 28, 1969.
Decided April 2, 1969.
*303 Mr. John A. Schepisi, for plaintiff (Messrs. Breslin and Monaghan, attorneys).
Mr. John B. LaVecchia, for defendant (Messrs. Pindar, McElroy, Connell and Foley, attorneys).
MALECH, J.S.C.
This case is before the court upon motion by the defendant for summary judgment on the ground that plaintiff's claim is barred by the statute of limitations (N.J.S. 2A:14-1).
John J. Breen, an attorney at law of New Jersey, was injured in an automobile accident which occurred on February 21, 1957, in New Jersey. The injuries were caused by the negligence of one Milton Stern in operating his motor vehicle. An automobile Policy No. 57 15107 CZ of New *304 Jersey Manufacturers Indemnity Insurance Company, a standard family automobile policy, insuring Milton Stern was in force and effect on February 21, 1957. The insurance policy was not under seal. Immediately after the happening of the accident Milton Stern gave oral notice of the accident to the defendant insurance company. On August 15, 1957, John J. Breen advised Milton Stern that his injuries were more serious than he had realized. On August 19, 1957, Milton Stern submitted a written report to the defendant insurance company of the accident.
On February 21, 1958, one year after the date of the accident and before suit was instituted, John J. Breen was examined by Dr. Edward Dana on behalf of the defendant insurance company. On March 28, 1958, the defendant insurance company forwarded a letter to its assured, Milton Stern, advising him that it intended to disclaim coverage under its policy because of late notice given by Stern to it. Thereafter on February 13, 1959, John J. Breen instituted suit against Milton Stern in the Superior Court of New Jersey for his injuries caused by the accident on February 21, 1957.
On December 6, 1960, a jury verdict was entered in favor of John J. Breen, plaintiff, against the defendant, Milton Stern, in the sum of $9,000.00 together with costs of suit, for the injuries resulting from the accident. This judgment has never been paid.
On November 15, 1968, John J. Breen, the plaintiff herein, instituted this suit against the defendant insurance company to recover payment upon the judgment dated December 6, 1960. It is to be noted that the instant suit by plaintiff against the defendant insurance company was instituted more than seven years and 11 months after plaintiff had obtained his judgment against the defendant's insured, Milton Stern.
The only issue to be determined by the court is the applicability of the statute of limitations in a suit by a third party or beneficiary judgment creditor against the tortfeasor's insurance company. Both parties concede that this *305 precise issue is novel in New Jersey. The parties' briefs do not disclose any case relevant to the issue involved.
Plaintiff's first contention is that the applicable statute of limitations is N.J.S. 2A:14-5, which provides for a limitation period of 20 years; plaintiff contending that the insurer undertakes to satisfy any judgment rendered against its insured. Plaintiff argues that in common understanding, such undertaking by the insurance company must be interpreted to protect the insured during the life of the judgment, which is 20 years.
Plaintiff's second contention is that if the contract period of limitations (6 years) is considered applicable, the cause of action accrued upon breach of the contract on October 1, 1968, when the defendant refused to pay the judgment. (No proofs were offered with reference to the October 1, 1968 refusal of payment.) Plaintiff contends that the accrual of a contract cause of action occurs at the time of breach, and in an analogous situation of the claim of a guarantor, the statute of limitations does not begin to run until there is a failure to pay by the principal debtor. Silverman v. Christian, 123 N.J. Eq. 506 (Ch. 1938). In this connection plaintiff argues that it was entirely proper for him to exhaust every possibility of satisfaction of the judgment against the insured, Milton Stern, before proceeding to demand payment of the judgment from the defendant insurance company. Therefore, plaintiff concludes, the cause of action against the insurance company did not accrue until it refused payment of the judgment on October 1, 1968.
Plaintiff's third contention is that no rights under the insurance policy accrued to the injured party (plaintiff-Breen) until execution on the judgment against the insured is returned unsatisfied, and that only after the execution is returned unsatisfied can the person injured bring suit against the insurer, citing Suydam v. Public Indemnity Co., 10 N.J. Misc. 868, 872, 161 A. 499 (Sup. Ct. 1932). Plaintiff further relies upon N.J.S.A. 17:28-2, which provides that no policy *306 of insurance shall be issued by an insurer, unless it contains a provision that the insolvency or bankruptcy of the insured shall not release the insurer, and further stating that in case execution against the insured is returned unsatisfied, then an action against the insurer may be maintained by the injured person against the insurance company. Such provisions, among others, are deemed to be included in the insurance policy by statute. Therefore, plaintiff concludes that the cause of action does not accrue and did not accrue until the return of an execution unsatisfied. At oral argument plaintiff requested a continuance of the matter to offer proof of the return of an execution unsatisfied sometime in 1968. The court deemed such proof unnecessary, inasmuch as defendant does not contend that more than six years has elapsed following return of an execution unsatisfied.
Defendant insurance company contends that a claim by a judgment creditor, a successful plaintiff in a personal injury suit, against the insurance carrier for the judgment debtor, is barred by the six year statute of limitations governing contracts not under seal. Defendant contends that the present suit involves a claim for breach of an insurance policy; that plaintiff here is claiming in the right of defendant's insured, Milton Stern. Defendant concludes that actions based upon breach of contract must be brought within six years after the cause of action thereon accrues. N.J.S. 2A:14-1. Since the cause of action on the present insurance policy accrued on the date plaintiff recovered judgment against Milton Stern on December 6, 1960, plaintiff therefore contends that this suit should have been instituted on the insurance policy within six years from December 6, 1960. This action having been commenced on November 15, 1968, defendant contends it is barred by the provisions of N.J.S. 2A:14-1.
Defendant further contends that N.J.S.A. 17:28-2, relied upon by plaintiff, is not pertinent to the issue involved; that the statute sets forth minimal requirements of insurance policies issued in New Jersey. Defendant argues that it has fully complied with this statutory provision, and not *307 satisfied with such minimal coverage has afforded additional rights under the policy. In fact, defendant asserts the terms of the policy require payment by defendant upon recovery of a judgment against the insured. The policy of insurance in this connection provides as follows:
"7. Action Against Company  Coverages A and B:
No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.
Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.
Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."
Defendant relies upon the case of Kindervater v. Motorist Casualty Insurance Co., 117 N.J.L. 131 (E. & A. 1936), as dispositive of plaintiff's contention that N.J.S.A. 17: 28-2 applies. In that case the carrier questioned the sufficiency of the unsatisfied writ of execution proffered by the judgment. The court held such proof to be unnecessary since the policy involved in that suit dispensed with the necessity of furnishing proof that the insured was insolvent.
The court is in accord with defendant's contention. N.J.S.A. 17:28-2 is not pertinent to the issue involved herein.
At this posture of the case the court must assume the truth of the allegations of the complaint. New Market Poultry Farms, Inc. v. Fellows et al., 51 N.J. 419 (1968). Absent the defense of the statute of limitations, the defendant must concede that its policy of insurance is geared to coverage of its insured upon which an injured party may obtain recovery of a judgment against the insured from the insurer. To this extent the court finds that plaintiff has a *308 meritorious claim against the defendant insurance company.
N.J.S. 2A:14-1 provides:
"Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued."
Defendant contends that an action against it on the insurance policy issued to Stern is an action on the contract and is therefore barred by the six-year statute of limitations.
N.J.S. 2A:14-5 provides:
"A judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, but not thereafter. An action may be commenced on a judgment obtained in any other state or country within 20 years next after the date thereof or within the period in which a like action might be brought thereon in that state or country, whichever period is shorter, but not thereafter."
The plaintiff's contention is that the insurer undertakes to satisfy judgments recovered against the insured and such promise must be interpreted to protect the insured during the life of the judgment, which is 20 years.
Breen, as between himself and the Insurance Company issuing this policy is the third person. It is a well-established rule in New Jersey that the rights of a judgment creditor of an insured under a policy of indemnity insurance on an automobile are purely derivative, and the judgment creditor stands in the shoes of the insured and sues the insurer in the right of the insured. Buzzone v. Hartford Accident and Indemnity Co., 23 N.J. 447, 454 (1957); Dransfield v. Citizens Cas. Co. of N.Y., 5 N.J. *309 190, 194 (1950); Sneed v. Concord Insurance Co., 98 N.J. Super. 306, 320 (App. Div. 1967); Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943); Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373 (E. & A. 1938). Therefore, at the time this suit was commenced, the rights of Breen were dependent upon the rights which Stern had against the Insurance Company by reason of the issuance of the aforesaid liability insurance policy. Breen can assert only such rights as the insured could assert since he stands in the shoes of the insured as regards defenses of this character.
"As a general rule statutes of limitation applicable to contracts govern actions on insurance * * *". 53 C.J.S. Limitations of Actions § 44, p. 997. The situation most common is where the insured is injured by an uninsured motorist and attempts to recover under the uninsured motorist provision of his policy. Those cases have held that the contract statute of limitations applied rather than the statute of limitations applicable to torts. DeLuca v. Motor Vehicle Acc. Indemnity Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 291, 215 N.E.2d 482 (1966); Schleif v. Hardware Dealer's Mutual Fire Ins. Co., 218 Tenn. 489, 404 S.W.2d 490, 491 (1966); Hartford Acc. & Indemnity Co. v. Mason, 210 So.2d 474, 475 (Fla. App. 1968); 14 Fla. L. Rev. 455, 471 (1962); 24 Ohio L. Jour. 589, 591 (1963); 48 Calif. L. Rev. 516, 531 (1960).
A case with material facts identical to the case at bar was decided by the Supreme Court of Tennessee. In a suit by a judgment creditor against an automobile liability insurer, the court held that an action, brought against an automobile liability insurer after execution on a judgment against the insured was returned nulla bona, was an action brought by a third party on a contract and was barred where it was brought more than six years after a rendition of judgment against the insured. It further held that the ten-year statute of limitations applicable to judgments could not be applied. Melloan v. Southern Fire and Casualty Co. *310 et al, 206 Tenn. 689, 337 S.W.2d 452 (1960). Accordingly, since this is an action on an insurance policy by a judgment creditor who stands in the shoes of the insured, the six-year statute of limitations N.J.S. 2A:14-1, which bars actions on contracts, is applicable to this case. The plaintiff's cause of action accrued on December 6, 1960 when judgment was entered against Milton Stern. Because plaintiff has waited almost eight years to file the present suit, he is barred by the six-year statute of limitations. N.J.S. 2A:14-1. Defendant's motion for summary judgment is therefore granted.