168 N.J. Super. 561 (1979)
403 A.2d 948
NATIONWIDE INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
EVERARDO DoCOMPO, CONCEPTION DoCOMPO, LUIS VALDES, ROSS TRUCKING CO., A/K/A RTL TRUCKING & LEASING COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided June 6, 1979.
*563 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Albert C. Lisbona argued the cause for appellant (Messrs. Dwyer, Connell & Lisbona, attorneys).
*564 Mr. Allen Zavodnick argued the cause for respondents DoCompo (Messrs. Zavodnick & Leven, attorneys).
Mr. Glenn A. Montgomery argued the cause for respondent Cavalier Insurance Corp. (Messrs. Bennett & Bennett, attorneys).
The opinion of the court was delivered by MORGAN, J.A.D.
The primary issue in this appeal by Nationwide Insurance Company (Nationwide) is whether two exclusions in Nationwide's Comprehensive Automobile Liabilty Policy issued to Swift Lines Transfer Company (Swift Lines), the named insured therein, effectively exclude coverage, otherwise afforded, to one Luis Valdes, a defendant in the underlying personal injury liability suit. In the event coverage is found to exist, we must also consider the trial judge's refusal to permit Nationwide to prove that the personal injury claimant and the defendant against whom a default judgment was entered were coemployees as the basis of an attack, apparently collateral in nature, against that default judgment.
This intensely convoluted controversy had its genesis in an accident which occurred on March 24, 1971 on the premises of Swift Lines, Nationwide's named insured, in which plaintiff in the personal injury suit, Everardo DoCompo, received injuries allegedly as the result of Valdes' negligence. DoCompo's complaint, filed toward the end of the two-year period of limitations, on March 21, 1973, specifically described DoCompo as being an employee of Swift Lines, but nonetheless sought judgment against Swift Lines as the defendant derivatively responsible for the neglect of Valdes, also made a party defendant. The complaint alleged that DoCompo's presence on the Swift Lines premises on the date of the accident was "To assist the defendant, Luis Valdes, in the operation of a tractor-trailer." Both Swift Lines and Valdes, the two defendants in the personal injury action, were served. Nationwide, Swift Lines' insurer, apparently *565 notified of the accident soon after its occurrence, filed an answer on behalf of Swift Lines only, in which it denied DoCompo's allegation that he was Swift Lines' employee. It also denied DoCompo's allegation that he was on the Swift Lines' premises as Valdes' helper. No answer was filed on behalf of Valdes. It appears that although Valdes was served with DoCompo's complaint, he left New Jersey at some unidentified time thereafter and neither DoCompo nor Nationwide have been able to locate him.
It is undisputed that on the date of the DoCompo accident and for at least a month prior thereto, Valdes had leased to Swift Lines a tractor owned by him on an oral lease of no particular duration and had been engaged during that period in driving the leased tractor attached to a Swift Lines trailer hauling goods on Swift Lines' behalf in interstate commerce. During the month or so before the accident, Valdes had been so engaged on a six-day week basis on behalf of Swift Lines and when he needed a helper DoCompo would so act. It is not clear from this record precisely how the accident happened. For present purposes, however, it is sufficient to note that it occurred during the morning hours during the process of attaching Valdes' leased tractor to the Swift Lines trailer he was to be hauling that day. DoCompo was aiding him in this endeavor. Valdes was in the cab of the tractor and in driving control thereof. Somehow, and it is not clear how, and not really germane to this appeal, DoCompo fell, receiving the injuries for which he brought action. There seems to be dispute as to whether the accident occurred before or after the hookup between tractor and trailer occurred, and Nationwide contends on this appeal, as it contended in the trial court, that this fact is pivotal to the applicability of two exclusions in its policy, about which more later.
In any event, in December 1974, more than 20 months after initiation of the DoCompo suit,[1] Nationwide filed the *566 suit for declaratory relief, disposition of which, adverse to Nationwide, provides the basis for this appeal. In that complaint Nationwide alleged that a policy of insurance covering Swift Lines covered as well "tractor drivers while attached to a Swift Line trailer [sic]." Valdes was alleged to be the owner of a tractor "hired out to Swift Lines through Ross Trucking Company * * *." As to Everardo DoCompo, Nationwide alleged that he was Valdes' helper and "hired by someone other than Swift Lines." Quite obviously, by these affirmative allegations, Nationwide declined specifically to admit Swift Lines' employment of DoCompo and Valdes, a matter of considerable moment to Nationwide's worker's compensation defense of coemployment, based upon N.J.S.A. 34:15-8,[2] a matter hereinafter to be dealt with. Indeed, this approach was consistent with Nationwide's stance in its defense, on Swift Lines' behalf, of DoCompo's liability suit wherein it answered an interrogatory specifically denying that Valdes was its employee on the date of DoCompo's accident. As Nationwide continued in its interrogatory answer, "Luis Valdes was an employee of Ross Trucking, and Ross Trucking leased vehicles and drivers to Swift Lines. However, at the time of the event, approximately 7:30 A.M., Mr. Valdes was not on any business for Swift Lines. Since the normal work day started at 8:00 A.M." Hence, as of December 1974, when this declaratory *567 judgment complaint was filed, almost four years after the DoCompo accident and well over a year and a half after that accident was in suit, Nationwide was denying both DoCompo's and Valdes' employment by Swift Lines, a position consistent with that taken in its answer to DoCompo's complaint on Swift Lines' behalf.
Nationwide's declaratory complaint went on to acknowledge the derivative nature of Swift Lines' liability to DoCompo but asserted that a policy issued to Valdes by Cavalier Insurance Corporation (Cavalier), a party to the declaratory suit, and in force on the date of DoCompo's accident, provided Valdes with the necessary coverage. According to Nationwide's position as expressed in this complaint, the Cavalier policy covered "when the tractor is not connected to a trailer." Its final allegation was that because, as a matter of fact, the Valdes tractor was not connected to Swift Lines' trailer (at the time of the accident), "no coverage was owed" by Nationwide to Valdes. It bears emphasis that no other basis of noncoverage was alleged.
About a month after Nationwide filed its declaratory suit it made a motion for a stay of DoCompo's liability suit until disposition of the coverage issue raised by the declaratory suit. The motion was denied and almost immediately thereafter, or even on the same day[3], DoCompo's application for a default against nonanswering defendant Valdes was granted. Shortly thereafter judgment by default was entered against Valdes in the aggregate amount of $60,000 in DoCompo's favor.[4] That judgment stands to this date. Neither Valdes nor Nationwide has even moved to have it vacated and its amount represents the magnitude of the dispute before us.
No judgment was ever entered against Swift Lines, a party which had, of course, made an appearance in the matter. *568 Trial on that claim, however, was never reached because in January 1977 Nationwide acknowledged the fact that Swift Lines was DoCompo's employer and that DoCompo's accident arose out of and in connection with that employment. Payment of worker's compensation to DoCompo was made by Nationwide, who covered Swift Lines for that kind of liability, and DoCompo promptly dismissed his action against Swift Lines.[5] Hence, there never was a judgment for DoCompo against Swift Lines and never could be. N.J.S.A. 34:15-8. Nationwide thereafter dismissed its suit for declaratory judgment against DoCompo, leaving unresolved only DoCompo's counterclaim seeking payment from Nationwide for its coverage of Valdes in connection with the default judgment against Valdes, and a cross-claim against Cavalier also seeking from that policy payment of the Valdes default judgment.
A brief trial was held with respect to the factual issues projected which, at that time, January 12, 1978, included the status of Valdes vis-a-vis Swift Lines and whether the tractor and trailer were attached at the time DoCompo sustained his injuries.
The trial court, in a letter opinion, reached the following conclusions: (1) the Cavalier policy insuring Valdes as its named insured provided no coverage for Valdes in the given circumstances; (2) Nationwide was precluded from litigating the question of Valdes' status as a Swift Lines' employee and as DoCompo's coemployee, as a statutory defense to Valdes' liability based upon N.J.S.A. 34:15-8, and (3) Nationwide's policy covered Valdes by virtue of Cox v. Bond Transportation, Inc., 53 N.J. 186 (1969), cert. den. 395 U.S. 935, 89 S.Ct. 1999, 23 L.Ed.2d 450 (1969).
Nationwide appeals.

*569 The Cavalier Policy

We confront this issue first because it presents the least difficulty. As noted previously, this policy was issued to Valdes as named insured and covered the tractor involved in the DoCompo accident. Nonetheless, the terms of that coverage establish beyond question that no coverage was afforded Valdes with respect to that accident. Thus, that policy contains a provision excluding coverage "(c) while the automobile is being used in the business of any person or organization to whom the automobile is rented." The trial judge correctly observed that the proofs clearly established that Valdes had leased the covered tractor to Swift Lines at the time of the accident. Accordingly, exclusion (c) applies to deny Valdes coverage with respect to his liability for that accident. Nationwide's argument, therefore, that the Cavalier policy covers Valdes because DoCompo's accident occurred when the tractor was unconnected to the trailer is so far wide of the mark as to eliminate the necessity for further comment. Coverage for Valdes, if any exists, must be found in the only other available policy, Nationwide's.

The Nationwide Policy
There is no question but that the Nationwide policy afforded coverage to its named insured, Swift Lines, with respect to the DoCompo accident. As matters now stand, however, that coverage is unavailing because no judgment has ever been entered against Swift Lines nor could one ever be. Hence, the trial judge's reliance upon Cox v. Bond Transportation, Inc., supra, as authority for extending the coverage afforded by Nationwide's policy not to Swift Lines, but to Valdes, was, in our view, inappropriate. Cox holds that by compulsion of ICC regulations concerning the responsibility of trucking companies for accidents caused by leased vehicles and driven by operators operating as if they were independent contractors and not employees thereof, the trucking company is liable for the negligent conduct of such drivers *570 in interstate commerce to the same extent as if they were in fact employees of the trucking company. There is no question but that if DoCompo had not been a Swift Lines employee when injured, Swift Lines could have been held liable to DoCompo and a judgment reflecting such liability recoverable, whether or not Valdes was a Swift Lines employee or independent contractor. But the established facts are otherwise. There was no judgment against Swift Lines; none could ever be recovered, and although Nationwide indisputably covers Swift Lines, there is and can be no Swift Lines judgment for Nationwide to have paid. The question is and always has been whether the Nationwide policy affords coverage not only to Swift Lines with respect to a judgment against it, but to Valdes as well, as an additional insured under the Nationwide-Swift Lines policy. Cox provides no solution to that problem.
Whether the Nationwide policy extends coverage to Valdes as an additional assured is an issue which need not long detain us. In its complaint Nationwide affirmatively alleges, in substance, that the policy coverage extends to Valdes if the tractor he was driving was attached to a Swift Lines trailer. Because Nationwide has failed (even after our request at oral argument) to supply us with the policy provision describing who shall be regarded as additional insured thereunder, we rest content with Nationwide's concession that one in the position of Valdes is an additional insured and consider only whether the described condition for coverage, attachment of tractor to trailer, derived from two exclusions to be examined, is applicable to exclude the coverage otherwise available.[6]
*571 We, therefore, proceed with the rest of the opinion on the assumption that by virtue of the policy itself, and more particularly those portions we have never seen, or by virtue of the ICC regulations supplied, the Nationwide policy covers Valdes, subject, of course, to the exclusions which Nationwide contends here, as it did in its complaint, exclude the coverage which would otherwise be owing. But see, National Mut. Ins. Co. v. Liberty Mut. Ins. Co., 90 U.S. App. D.C. 362, 196 F.2d 597 (1952), cert. den. 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952); 49 U.S.C.A. § 315.
From the inception of the declaratory judgment litigation Nationwide has taken the position that coverage under its policy is denied Valdes because the DoCompo accident occurred when the Valdes tractor was unconnected to the Swift Lines trailer. That position is taken in its complaint, formed one of the issues upon which proof was taken in the trial court, and is again urged in this court. Indeed, such is the sole expressed ground on which Nationwide declined to appear and defend Valdes.
At the risk of belaboring the point, but in the interest of affording Nationwide its best opportunity to state its position, we will let its argument on this coverage question speak for itself:
Applying the criteria articulated above to the facts of the instant case, it is clear that since the Valdes tractor was not attached to a Swift Line trailer at the time of DoCompo's accident, and since Valdes was not engaged exclusively in Swift Line business when the accident occurred, there is no coverage for Valdes under the insurance policy issued to Swift Line by Nationwide. The policy states in clear and unequivocal language that there is no coverage:
"* * * while the trailer is detached from an automobile used by the Named Insured [Swift Line] * * *"
Similarly, the policy also states in clear and unequivocal language that there is no coverage:
"* * * while the automobile is not being used exclusively in the business of the Named Insured [Swift Line] * * *"
The intent of both of these exclusionary provisions is to make sure that coverage is not provided for lease-operators such as *572 Valdes when such lease-operators are not engaged exclusively in Swift Line business. It is just as clear that such lease-operators are not engaged exclusively in Swift Line business if their tractors are not attached to Swift Line trailers. It bears repeating that in the case at bar, the Valdes tractor was not attached to a Swift Line trailer, and Valdes himself was not engaged exclusively in Swift Line business; indeed, both Valdes and DoCompo were merely attempting to start the Valdes tractor when the accident occurred. As both of the aforementioned exclusions are set forth in plain and unambiguous language, this Court cannot alter that language, and must give effect to it.
The essential difficulty with Nationwide's position can be found only by reading the portions of the two exclusions quoted by Nationwide in its brief in the context of portions of the balance of the same provision in the insurance contract which Nationwide neglected to include in its brief. Compare the following complete quotation taken from the endorsement entitled "Truckmen-Hired Automobile's" with the portion contained in Nationwide's brief.
It is agreed that the insurance applies with respect to hired automobiles, subject to the following additional provisions:
* * * * * * * *
(c) Except with respect to the Named Insured the insurance with respect to any trailer does not cover as an Insured any rail, water or air carrier, or any agent or employee thereof, if the bodily injury or property damage occurs while the trailer is detached from an automobile used by the Named Insured and
(1) is being transported by such carrier, agent or employee or
(2) is being loaded on or unloaded from any unit of transportation used by such carrier, agent or employee.
(d) The insurance does not cover as an Insured, the owner or any lessee (of whom the Named Insured is a sub-lessee) of a hired automobile, or any agent or employee of such owner or lessee, if the bodily injury or property damage occurs:
(1) while the automobile is not being used exclusively in the business of the Named Insured and over a route the Named Insured is authorized to serve by federal or public authority; * * *
*573 Quite obviously, neither of these two exclusions, when read in their entirety, operate to exclude any coverage for Valdes which would otherwise be afforded. Exclusion (c), supra, excludes as an insured under the policy "any rail, water or air carrier" when the trailer is detached from an automobile used by Swift Lines. Valdes was, needless to say, neither a rail, water or air carrier and hence the exclusion, together with its condition for applicability, has no application. With respect to Exclusion (d), supra, Nationwide's position that because the trailer was not attached to the tractor when DoCompo was injured, the tractor was not being used exclusively in Swift Lines business, is, with all due respect, equally frivolous. Whatever else the evidence may have disclosed with respect to the attachment vel non between tractor and trailer, it did show that attachment was momentarily imminent, if not completed, and that the resulting unit was to be used solely by Swift Lines in pursuit of its business interests. Moreover, the evidence showed beyond question that for over a month before the accident, the Valdes tractor was being used by Swift Lines exclusively; Valdes was working for Swift Lines on a six-day week basis.
Because of our conclusion that Nationwide's policy affords coverage to Valdes and that Nationwide improperly declined the defense of Valdes, we are remitted to consideration of whether the trial judge correctly held Nationwide bound by the default judgment entered against Valdes. As previously noted, the trial judge took the view that despite the fact that the issue of DoCompo's and Valdes' common employment may not have been specifically brought to the attention of the judge who entered the judgment, absence of coemployment was a fact essential to the judgment's validity; without such a necessarily implicit factual finding, the judgment could not have been entered. His final conclusion with respect to this issue was that because Nationwide afforded Valdes coverage, it was bound by such a necessarily implicit finding and could not attempt to relitigate it. Scaglione v. St. Paul-Mercury Indemnity Co., 28 N.J. 88, 104-105 *574 (1958) and Williams v. Bituminous Cas. Corp., 51 N.J. 146 (1968) are cited in support of this ruling.
We agree with the conclusion reached although for different reasons. Our reasons start from the indisputable premise that the issues implicated in the declaratory suit the trial judge was considering (now before us on appeal) concerned Nationwide's coverage for Valdes, not Valdes' liability to DoCompo. More specifically, the trial judge was adjudicating DoCompo's counterclaim in the declaratory suit, that the Nationwide policy provided the source from which the Valdes judgment would be paid. The only defense to that claim was Nationwide's contention that two exclusions absolved it from the coverage it would otherwise have afforded Valdes. Nationwide did not argue in the trial court, or in this court on appeal, that any provision in its policy excluded coverage with respect to an accident which generated worker's compensation liability or where the alleged tortfeasor was a co-employee of the plaintiff. Nothing in the portions of Nationwide's policy supplied us suggest the presence of any such defense to coverage. Moreover, Nationwide's argument in this court concerning this issue unmistakably betrays confusion between issues of coverage and liability. For example, it argues:
The question of the employment status of Valdes vis-a-vis Swift Line is crucial to the issue of coverage, and, as such, Nationwide should not be barred from litigating that question. If Valdes were an employee of Swift Line at the time of the accident, then DoCompo's suit against him would be barred by workmens compensation * * * and Nationwide, therefore, would not have to provide coverage for any tort liability on the part of Valdes. From this, it necessarily follows that the question of the employment status of Valdes vis-a-vis Swift Line pertains directly to the issue of Nationwide's coverage, and, therefore, under Williams, supra, Nationwide is not barred from litigating that question. [Emphasis in original]
What Nationwide is saying is that if both Valdes and DoCompo were Swift Lines' employees when the employment related accident occurred, Valdes could not be held liable *575 to DoCompo, and Nationwide, although covering Valdes, would have to pay nothing on account thereof. Such a defense, however, pertains only to liability and not to coverage under the policy. If the Nationwide policy covered Valdes, as we have found above that it does, then Nationwide owed him an obligation to defend irrespective of the question of Valdes' liability, vel non.
Any defense Valdes may have had to the DoCompo personal injury suit should have been asserted in that action either before judgment by way of answer or after judgment by a motion to vacate or reopen that judgment in order to receive evidence of a defense thereto. Such a defense to liability cannot, however, be raised in a companion suit implicating only issues pertaining to coverage afforded the liability defendant. See Scaglione v. St. Paul-Mercury Indem. Co., 26 N.J. 225, 228 (1958). It must be raised, if at all, in the suit in which the challenged judgment was entered. No such challenge was made in this case. The default judgment holding Valdes liable to DoCompo, entered early in 1975, has gone unchallenged to this date four years after its entry and approximately eight years after the accident on which it was based.
Accordingly, we hold that Nationwide cannot collaterally attack the factual basis for that judgment in a companion suit limited, as this one is, to issues of coverage. Such an attack could only have been made, on a direct basis, in the suit which resulted in the judgment.
We should not be understood as suggesting that Nationwide now mount such an attack on the Valdes judgment. It is far too late for Nationwide to do so. Throughout the DoCompo-Valdes litigation Nationwide, on Swift Lines' behalf, in both pleadings and discovery, unequivocally took the position that Valdes was not a Swift Lines' employee. Even in its complaint initiating the declaratory suit only months before entry of the default judgment it specifically denied Swift Lines' employment of Valdes. It cannot, four years after entry of the default judgment, change its position and *576 on that basis seek to establish the reverse of what it had been for years contending.
Nationwide's contention that it is excused from failing to move against the Valdes judgment because of Valdes' disappearance, and its consequent inability to obtain from him a nonwaiver agreement permitting Nationwide's participation in his defense without forfeiting its right to assert the noncoverage of its policy, is unpersuasive. Nationwide did defend on Swift Lines' behalf. The sole basis for Swift Lines' liability was that of Valdes. Accordingly, it was always open to Nationwide, on Swift Lines' behalf, to attack the Valdes judgment, the sole predicate for liability of Swift Lines. Swift Lines remained a party defendant to the liability suit for almost two years after entry of the default judgment against Valdes during which time Nationwide, for Swift Lines, was free to seek its reopening without jeopardizing its illconceived position that coverage for Valdes was excluded. It chose not to do so probably because, for reasons best known to it, it took the position, now abandoned, that Valdes was not its employee. Having for years failed to take action, it cannot now do so.
Affirmed.
NOTES
[1] And nearly four years after the accident.
[2] "Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency.

If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."
[3] No transcript of the proceeding has been furnished, so we cannot be sure.
[4] $2,000 of this amount was with respect to the per quod claims of DoCompo's wife.
[5] Counsel advised at oral argument that compensation liability was roughly in the amount of $10,000. Hence, Nationwide's exposure is approximately $50,000.
[6] We are further reassured in our reliance upon Nationwide's concession as to Valdes' status as an additional insured by its representation at oral argument that ICC regulations mandate such coverage. Nationwide has supplied us with a copy of the regulations upon which it relies without, however, specifying which regulation has the asserted effect. We see no reason not to accept this concession of coverage.