176 N.J. Super. 22 (1980)
422 A.2d 83
CAROL A. CASEY, ADMINISTRATRIX OF THE ESTATE OF WILLIAM BROWN, DECEASED, PLAINTIFF-APPELLANT,
v.
SELECTED RISKS INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, INTERNATIONAL BAKERAGE, INTERNATIONAL TRANSPORT, AND MIDLAND INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1980.
Decided October 10, 1980.
*25 Before Judges ALLCORN, KOLE and PRESSLER.
Emanuel Greenberg argued the cause for appellant (Dennis J. Conklin on the brief).
Burton I. Ironson argued the cause for respondent Selected Risks Insurance Company (Gorrin, Ironson & Whitken, attorneys; Jeffrey E. Gorrin on the brief).
Mary B. Rogers argued the cause for respondent Allstate Insurance Company (Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys).
Martin B. Wallerstein argued the cause for respondents International Bakerage, International Transport and Midland Insurance Company (Morgan, Melhuish, Monaghan & Spielvogel, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
This appeal, involving a question of insurance coverage, arises out of a motor vehicle accident in which plaintiff's decedent, William Brown, allegedly was injured by a tractor-trailer operated by Albert Coaxum. The tractor, owned by Coaxum, was insured by defendant Selected Risks Insurance Company (Selected Risks). The trailer was owned by International Bakerage, a division of International Transport Services (hereafter sometimes collectively referred to as International Transport), and insured by Midland Insurance Company (Midland). Plaintiff's decedent was insured by Allstate Insurance Company (Allstate).
On February 10, 1975 plaintiff's decedent Brown filed an action against Albert Coaxum for personal injuries claimed to have resulted from a motor vehicle accident on January 4, 1974 *26 between an automobile in which plaintiff was a passenger and a tractor-trailer operated by Coaxum. Brown subsequently died for reasons unrelated to the accident. As a result, an amended complaint was filed in August 1975 naming Carol A. Casey as decedent's representative.
Selected Risks, which insured Coaxum's tractor, informed Coaxum on April 29, 1975 that it would not defend the action, relying on the "bob-tail" provision under its policy that excluded coverage when the tractor was pulling a trailer for business purposes. It advised Coaxum that he would have to look to the insurer of the trailer. Thereafter plaintiff filed a claim against Allstate, contending that if Selected Risks did not afford coverage, then Allstate, as her decedent's insurer, was liable to defend under its uninsured motorist endorsement. A demand for arbitration with Allstate was made on May 17, 1976. However, arbitration was postponed until the question of insurance coverage could be judicially resolved.
On January 28, 1977 a default judgment of $15,000 was entered against Coaxum. In order to satisfy that judgment plaintiff filed a complaint on February 22, 1977 in the present proceedings against Allstate and Selected Risks seeking a declaration that one or the other carrier was required to satisfy the default judgment against Coaxum. On March 15, 1978 plaintiff filed an amended complaint naming International Bakerage, International Transport and their insurer, Midland, as defendants.
At the time of the accident Coaxum was hauling a trailer owned by International Bakerage, a division of International Transport. They had entered into an equipment rental agreement whereby International Transport leased Coaxum's tractor and his services as a driver. The trailer was insured by Midland under a policy which covered trailers hauled by independently-owned tractors. Coaxum was not an employee of International Transport but rather was an independent contractor-driver.
*27 It appears that International Bakerage or International Transport first received notice of plaintiff's claim on October 10, 1977 after being informed thereof by Allstate. However, plaintiff's attorney was unable to obtain the identity of the trailer's owner until sometime prior to July 13, 1977, when he was advised by Allstate's attorneys of their proposed motion for leave to file a third-party complaint against International Bakerage and International Transport. Plaintiff's complaint naming the latter and their insurance carrier, Midland, was filed as indicated, on March 15, 1978.
All parties moved for summary judgment. The judge granted summary judgment in favor of all of the defendants. After a rehearing of the matter with regard to Midland, he reaffirmed his determination. Plaintiff appeals.
The judge granted summary judgment in favor of Allstate, after finding that the vehicle was insured by Midland at the time of the accident; in favor of Selected Risks, after finding that the limited "bob-tail" coverage in this case was not void as against public policy since both the tractor and trailer were insured at all times by Midland, and in favor of Midland, after concluding that it could not be compelled to satisfy the default judgment since it had received late notice of the accident and the claims against "both the International companies ..." and apparently Midland were "barred by the Statute of Limitations."
We reverse as to Midland and affirm as to Allstate and Selected Risks.

I

Midland
In the record below Midland concedes, and our review of Midland's policy endorsement plainly supports, the fact that Coaxum was included as an additional insured under the Midland policy insuring International Transport's trailer. See Nationwide *28 Ins. Co. v. DoCompo, 168 N.J. Super. 561, 570-571 (App.Div. 1979).
Plaintiff's declaratory judgment action, at least as against Midland, is not barred by the statute of limitations. Plaintiff's status in the instant suit is as a judgment creditor arising out of the prior $15,000 personal injury default judgment against Coaxum. Plaintiff is suing on the insurance policy issued by Midland and covering Coaxum. As the judgment creditor of the insured, Coaxum, her rights are purely derivative; she stands in the shoes of the insured and sues the insurer under the rights of the insured. See Dransfield v. Citizens Cas. Co. of N.Y., 5 N.J. 190, 194 (1950); Sneed v. Concord Ins. Co., 98 N.J. Super. 306, 320-321 (App.Div. 1967); Breen v. N.J. Manufacturers Indem. Ins. Co., 105 N.J. Super. 302, 308 (Law Div. 1969), aff'd 109 N.J. Super. 473 (App.Div. 1970). The present action on the policy is one in contract and is thus governed by the general six-year statute of limitations for contracts set forth in N.J.S.A. 2A:14-1. Breen, supra, 105 N.J. Super. at 309-310. See, also, Walkowitz v. Royal Globe Ins. Co., 149 N.J. Super. 442, 448 (App.Div. 1977), certif. dism. 75 N.J. 584 (1977). Suit was brought against Midland within the appropriate six-year period.
Were it not for federal law relating to interstate motor vehicle carriers, there might be a question as to whether plaintiff would fare as well with regard to the notice issue. Since plaintiff's rights as judgment creditor of the insured are only those enjoyed by the insured, Coaxum, if the latter had lost his protection under the insurance policy by failing to provide timely notice of the accident to the insurer as required thereby, plaintiff similarly could lose the benefits of the policy. Whittle v. Associated Indem. Corp., 130 N.J.L. 576, 578 (E. & A. 1943), overruled on other grounds Cooper v. Government Employees Ins. Co., 51 N.J. 86 (1968); Miller v. Zurich Gen'l Acc. & Liab. Ins. Co., 36 N.J. Super. 288, 297 (App.Div. 1955). See, also, 8 Appleman, Insurance Law and Practice, § 4816 at 190 (1962).
*29 The law in this State is that protection under a liability policy is not forfeited for breach of the notice requirement unless there is both such breach and a likelihood of appreciable prejudice. Cooper v. Government Employees Ins. Co., 51 N.J. 86, 94 (1968); Hartford Acc. & Indem. Co. v. Ambassador Ins. Co., 163 N.J. Super. 250, 256 (App.Div. 1978). Under state law, therefore, Midland at least would have been entitled to the opportunity to show that it has been prejudiced by the late notice. The accident occurred on January 4, 1974. International Transport and Midland first received notice of the accident in October 1977, more than three years after it occurred. By that time a default judgment had been entered against Coaxum. Midland was deprived of the opportunity to defend that suit, and perhaps its ability to investigate the merits of that tort action may have been adversely affected.
Federal law, however, mandates that Midland defend plaintiff's action against Coaxum and pay any judgment in favor of plaintiff resulting therefrom, irrespective of the matter of prejudice.
The trailer in this case was owned by International Transport, a motor carrier engaged in interstate commerce. It was thus subject to Part II of the Interstate Commerce Act, 49 U.S.C.A § 301 et seq., including 49 U.S.C.A. § 304(e), and the Interstate Commerce Commission (I.C.C.) regulations promulgated thereunder. Among other things, the I.C.C., pursuant to its rule-making powers, has required interstate motor carriers to include certain endorsements in their liability insurance policies. One of those endorsements, known as I.C.C. Form BMC 90, is as follows:
Within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement, by the insured, shall relieve the Company from liability hereunder or from the payment of any such final judgment, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the insured *30 and the Company, and the insured agrees to reimburse the Company for any payment made by the Company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the Company would not have been obliged to make under the provisions of the policy except for the agreement contained in this endorsement. [Emphasis added] [See, Carolina Cas. Ins. Co. v. Ins. Co., etc., infra, 595 F.2d at 136, n. 25]
Although the actual Midland policy does not include these required endorsements, it is deemed as a matter of law to incorporate them. See Carolina Cas. Ins. Co. v. Ins. Co., etc., 595 F.2d 128, 136-137 and n. 27 (3 Cir.1979); Hagans v. Glens Falls Ins. Co., 465 F.2d 1249, 1252 (10 Cir.1972). See, also, Carolina Cas. Ins. Co. v. Underwriters Ins. Co., 569 F.2d 304, 312 (5 Cir.1978). Compare Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co., 73 N.J. 425, 435-436 (1977), cert. den. 434 U.S. 923, 98 S.Ct. 402, 54 L.Ed.2d 281 (1977).
A somewhat similarly worded endorsement was the subject of Bankers Indem. Ins. Co. v. A.E.A. Co., 32 N.J. Super. 471 (App. Div. 1954). We there recognized that the insured's breach of the notice provision in the policy did not relieve the insurer of liability to a third party injured as a result of the negligence of the independent contractor who owned and operated his own tractor and the insured's trailer. There, as here, the insured carried on its business under a certificate to operate as an interstate motor carrier issued by the I.C.C. We stated that by virtue of the I.C.C. endorsement the insurance company was still liable to the injured party despite breach of the notice provision:
... by the provisions of the endorsement annexed to the policy, as set forth above, required by the Interstate Commerce Commission, it was specifically provided that a violation of any of the provisions of the policy or of any endorsement thereon by the insured should not relieve the company from liability under the policy or from the payment of any final judgment secured by one suffering personal injury or property damage. [at 478]
This endorsement required by federal law modifies the usually applicable principles of state insurance law. A member of the public injured by a tractor-trailer insured under an I.C.C. certificated policy does not merely stand in place of the insured. That injured party may recover under the policy even if the insured breaches the notice provision or some other provision of *31 the policy which would ordinarily bar recovery. As applied here, plaintiff is entitled to recovery under the Midland policy despite breach of the notice provision and any resulting prejudice to Midland by reason thereof. And this is so even though Coaxum is an additional, rather than a named, insured in Midland's policy.
Our ruling in this respect furthers the intention of the I.C.C. law and regulations, at least as to persons such as Coaxum who are covered by Midland's insurance policy,[1] to protect members of the public by providing them with an identifiable and financially accountable source of compensation for injuries caused by leased or owned tractors or trailers. Such protection here requires that the financial security provided through the Midland insurance policy by the trailer owner-tractor lessee, International Transport, an I.C.C. certificated motor carrier, not only suffice (1) to satisfy any judgment that an injured member of the public may obtain by reason of an accident in which the tractor owner-lessor-operator, covered by the policy is involved but also (2) to require that the insurance company issuing that policy defend the tractor owner in any action arising out of the latter's operations. This liberal approach as to the duty to defend an additional insured and to pay a judgment entered against him in favor of the injured party differs from the view taken by some courts in other situations in which the protection of the public is not involved, including controversies between insurance carriers as to such matters as which of them affords primary rather than excess coverage. See Cox v. Bond Transp., Inc., 53 N.J. 186, 197-201 (1969), cert. den. 395 U.S. 935, 89 S.Ct. *32 1999, 23 L.Ed.2d 450 (1969); Carolina Cas. Ins. Co. v. Ins. Co., etc., supra, 595 F.2d at 137-138; Carolina Cas. Ins. Co. v. Underwriters Ins. Co., supra, 569 F.2d at 312. See, also, Nationwide Ins. Co. v. DoCompo, supra, 168 N.J. Super. at 571. That type of controversy is not involved in this case.
Accordingly, we hold that Midland owes a duty to defend plaintiff's action against Coaxum and to respond to plaintiff in damages for any resulting judgment. However, since Midland, by reason of lack of notice, has had no opportunity to defend the action in which the default judgment against Coaxum was recovered by plaintiff, it must be afforded the right to reopen the judgment in that cause and to defend the issues of liability and damages. Plaintiff here has offered, as she did below, to vacate the default judgment and have that action fully litigated. The summary judgment in favor of Midland is reversed on condition that Midland be permitted to reopen the default judgment in the Casey v. Coaxum tort action and fully defend it on liability and damages.

II

Selected Risks
Summary judgment was granted in favor of Selected Risks based on the following so-called "bob-tail" endorsement in its policy:
It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Automobile Medical Payments with respect to any automobile described above or designated in the policy as subject to this endorsement, does not apply: ....
(b) while the automobile or any trailer attached thereto is used to carry property in any business.[2]
The judge rejected the argument that, by reason of its only providing limited coverage, the provision was void as violative of public policy. He held that there was no public policy violation *33 here since the tractor was covered under Midland's insurance for the trailer at the time of the accident.
Plaintiff contends that state legislation requires that any motor vehicle insurance policy provide full coverage while the vehicle is in operation, and that an insurer of tractors may not avoid the dictates of such legislation merely by reason of the fortuitous circumstance that the tractor is hauling a trailer that has federally-mandated insurance covering the tractor.
It is not clear from the record whether Coaxum submitted the Selected Risks policy as proof of financial responsibility under N.J.S.A. 39:6-46, now repealed, setting forth the coverage requirements for liability policies furnished as proof of financial responsibility, or under the later enacted Compulsory Motor Vehicle Insurance Act, N.J.S.A. 39:6B-1 et seq., effective January 1, 1973. In any event, it is clear that under either statute the automobile liability policy would be judicially amended if by its terms it did not conform to the statutory standards. Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co., supra; Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966); Bellafronte v. General Motors Corp., 151 N.J. Super. 377, 384-385 (App.Div. 1977), certif. den. 75 N.J. 533 (1977).
As an abstract issue of law, it may well be that the "bob-tail" provision should not be enforced as being violative of N.J.S.A. 39:6B-1 and the Selected Risks policy should be amended to conform to the minimum coverage limits set forth therein.
We are satisfied, however, that this issue should not be decided in the present case. Here the trailer was owned by a certificated I.C.C. carrier that had insurance coverage on the owner-operator of the tractor. We are concerned primarily with plaintiff's rights against the insurance companies and with assuring adequate insurance coverage for her decedent's injuries. There is no claim that Midland's coverage of Coaxum is insufficient to pay any judgment plaintiff obtains against him in the tort action. Thus, the instant case does not present the need for determining whether the "bob-tail" provision in Selected *34 Risks' policy violates New Jersey law and public policy. In the factual context of the matter before us, the judge's determination that here there was no such violation should not be disturbed.[3]
Accordingly, we affirm the summary judgment in favor of Selected Risks.

III

Allstate
The judge clearly did not err in granting summary judgment in favor of Allstate since the tractor trailer involved in the accident was insured under the Midland policy. Thus, its uninsured motorist provision cannot be invoked. Gorton v. Reliance Ins. Co., 77 N.J. 563 (1978).

Conclusion
The summary judgment in favor of Midland is reversed, on condition that Midland may move to reopen the default judgment in the tort action between plaintiff and Coaxum and be afforded the full opportunity to plead and have discovery therein, as well as to litigate the issues of liability and damages. The summary judgments in favor of Selected Risks and Allstate are affirmed.[4]
*35 The court below shall enter a judgment in favor of plaintiff and against Midland requiring Midland to defend plaintiff's action against Coaxum and to pay any judgment in favor of plaintiff resulting therefrom, within policy limits, subject to the conditions as set forth in this opinion.
NOTES
[1] Since Coaxum is actually insured by the Midland policy as an additional insured and not excluded from its coverage, we need not decide whether, if he were not so covered, Midland would be required to defend him or pay any judgment against him (as opposed to its insured International Transport), absent an express policy provision to that effect. See, e.g., Wellman v. Liberty Mut. Ins. Co., 496 F.2d 131 (8 Cir.1974); Transport Indem. Co. v. Teter, 575 S.W.2d 780 (Mo. App. 1978); Carolina Cas. Ins. Co. v. Ins. Co., supra, 595 F.2d at 139.
[2] The policy only covered Coaxum for "bob-tail" use of the tractor-that is, when it was not attached to a trailer used to carry property in any business.
[3] We note, without condoning the practice, that apparently owner-operators of tractors obtain only the limited insurance here involved, rather than complete coverage, for situations in which the tractor will be hauling a trailer. They anticipate, perhaps without justification, that the insurance issued for the I.C.C.-certificated trailer invariably will also cover the negligent conduct of the tractor driver and any judgment obtained against him.
[4] We indicate no opinion as to the rights, if any, of Midland or International Transport against Coaxum, under the equipment rental agreement or otherwise, for indemnification or other relief from any judgment it must pay on behalf of Coaxum. We note that paragraph 12 of that agreement provides that (1) Coaxum will provide public liability insurance in specified amounts as required by the I.C.C., among other, and will furnish a certificate showing International Transport as named insured, and (2) in default thereof, International may procure such insurance on behalf of Coaxum at Coaxum's expense. See Carolina Cas. Ins. Co. v. Ins. Co., etc., supra, 595 F.2d at 139.